UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY AHN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MATTHEW D. SCARLETT, et al.,<br><br>　　　　　Defendants. | Case No.  5:16-cv-05437-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

Defendant Matthew D. Scarlett moves to dismiss Plaintiffs' claim for fraud in the inducement. Scarlett's motion will be DENIED.

**I.　BACKGROUND**

The Plaintiffs are Gregory Ahn, Jonathan White, and Cult of 8, Inc. ("CO8"), and the Defendants are Matthew D. Scarlett and Alcohol by Volume, Inc. ("ABV"). First Amended Compl. ("FAC") ¶¶ 2–6, Dkt. No. 11.

According to the FAC, Ahn founded CO8 in 2010 to sell and distribute wine. Id. ¶ 9. In

1

Case No.: 5:16-cv-05437-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

2012, Ahn invited Scarlett and White to join him in creating "an enterprise which could create, produce, sell, and distribute various brands of wine." Id. ¶ 10. The three of them met in February 2012 and agreed to the terms of an "Equal Interest Agreement" (the "EIA"). Id. Under the EIA, they would each be equal co-owners of the enterprise as a whole, including CO8 and ABV, with equal decision-making authority. Id. ¶¶ 10, 46. The EIA was not written down, but "they each agreed to sign paperwork reflecting this structure once it was drafted." Id. ¶ 10.

ABV was incorporated in early 2012. Id. ¶ 11. Ahn, White, and Scarlett decided that CO8 would carry the debt for the enterprise. Id. at ¶ 13. Over an unspecified period, the enterprise accrued more than $10 million in debt, including millions spent "building and protecting" the ABV trademarks. Id. In 2013, "it was agreed" that three trademarks "would be assigned" (apparently by CO8 and Ahn) to ABV. Id. As a result, ABV now owns the trademarks and has "only nominal debt," while CO8 is "saturated with debt." Id. ABV and CO8 continue to operate "as though they are part of one enterprise, with Cult of 8 performing obligations of ABV and paying debts of ABV, consistent with the Equal Interest Agreement." Id. ¶ 15.

Nonetheless, the EIA has never been executed in writing. Id. ¶ 14. Instead, under the operative written agreements, Scarlett and White each own half of the shares of ABV (which owns the trademarks), and Ahn is the sole shareholder CO8 (which carries more than $10 million in debt). Id. The allegations do not explain when this written documentation was executed. A written version of the EIA was drafted (at an unspecified time), but it has not been executed. Pls.' Opp'n to Def.'s Mot. to Dismiss ("Opp'n"), Dkt. No. 31 at 3.

In 2013, Scarlett started to behave erratically, he showed signs of alcohol abuse, and on several occasions he interfered with Ahn's and CO8's business relationships. Id. ¶¶ 17–24. In particular, Scarlett represented to investors and distributors that he and White were equal owners of ABV, and that Ahn lacked authority to act on ABV's behalf. Id. ¶ 24. In December 2015, Ahn and White terminated Scarlett's employment. Id. ¶ 25.

Ahn, White, and CO8 brought this action in November 2016. They allege four causes of action. First, Ahn and White seek declaratory judgment that Ahn, White, and Scarlett own equal

shares in CO8 and ABV under the EIA. Id. ¶¶ 26–32. Second, CO8 alleges breach of fiduciary duty against Scarlett. Id. ¶¶ 33–37. Third, White and Ahn allege breach of oral contract against Scarlett. Id. ¶¶ 38–43. And fourth, CO8 and Ahn allege fraud in the inducement against Scarlett and ABV. Id. ¶¶ 44–53.

Scarlett moved to dismiss Plaintiffs' cause of action for fraud in the inducement (Dkt. No. 13) and Plaintiffs filed an amended complaint (Dkt. No. 18). Scarlett now moves again to dismiss Plaintiffs' fraud claim. Def.'s Mot. to Dismiss ("MTD"), Dkt. No. 22.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### B.   Fraud Claims under Rule 9(b)

To state a claim for fraud in the inducement, a plaintiff must show that (1) the defendant misrepresented a past or existing material fact, (2) the defendant knew that the statement was false at the time it was made, (3) the defendant intended to deceive the plaintiff, (4) the plaintiff justifiably relied on the representation, and (5) the plaintiff suffered damages as a result. Walker v. Ditech Fin. LLC, No. 16-cv-03084-KA, 2016 WL 5846986, at *7 (N.D. Cal. Oct. 6, 2016) (citing West v. JP Morgan Chase Bank, N.A., 21 Cal. App. 4th 780, 792 (2013) and Lazar v. Sup. Ct., 12 Cal. 4th 631, 638 (1996)).

To meet the heightened pleading requirements of Rule 9(b), a fraud claim "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiff must identify "the who, what, when, where, and how" of the representations and explain how the

3
Case No.: 5:16-cv-05437-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

representations were false. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Decker v. GlenFed, Inc., 42 F.3d 1541, 1547–48 (9th Cir. 1994). A fraud claim should be dismissed if the plaintiff fails to plead it with sufficient particularity. Wool v. Tandem Computs., Inc., 818 F.2d 1433, 1439 (9th Cir. 1987). "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." Vess, 317 F.3d at 1107.

### III. DISCUSSION

#### A. Misrepresentation of a Past or Existing Material Fact

Scarlett argues that Plaintiffs "make no attempt to identify the content of the alleged fraudulent misrepresentations with any specificity" and "provides no detail about when the alleged misrepresentations occurred . . . ." MTD at 9–10.

But the allegations in the FAC specifically identify the time, place, and content of Scarlett's alleged misrepresentation. Plaintiffs allege that Ahn, White, and Scarlett met in "approximately February 2012" at their offices at 2600 Garden Road, Monterey, California. FAC ¶ 10. At that meeting, they discussed the EIA, under which Ahn, White, and Scarlett agreed that they would each have "equal ownership in Cult of 8 and the enterprise, including ABV." Id. ¶ 46. Plaintiffs' allegation is that Scarlett represented that he agreed to the EIA, but he never intended to follow it; rather, he pretended to agree in order to entice Ahn and White to transfer trademarks to ABV (of which Scarlett was, on paper, an owner) and to transfer debt to CO8 (in which Scarlett had no stake), and then disavow ownership in the debt-saturated company while claiming full ownership of the asset-rich company. Id. ¶¶ 46–50.

Scarlett also argues that the alleged misrepresentation did not involve "past or existing" facts, but only future facts. MTD at 9–10, 11–12. A plaintiff in an action for fraud must allege that "the defendant made a false representation as to a past or existing material fact." Cavender v. Wells Fargo Bank, No. 16-CV-00703-KAW, 2016 WL 4608234, at *4 (N.D. Cal. Sept. 6, 2016). Scarlett argues that Plaintiffs' allegations "all relate to future events or alleged contractual promises"—specifically, as alleged in the FAC, that the three of them "would own 1/3 of Cult of

4
Case No.: 5:16-cv-05437-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

8, that each of them <u>would act</u> as directors, and they each represented that they each <u>agreed to</u> sign paperwork reflecting this structure <u>once it was drafted</u>." MTD 9–10, 12 (quoting FAC ¶ 10) (emphasis in MTD).

Scarlett's characterization of these facts as "future events" is not convincing. The "present fact" was Scarlett's consent to equally divide ownership of the enterprise between the three of them. Plaintiffs' allegation is that he represented that he consented, when in fact he intended otherwise. The verb "would" states a present condition, not a future possibility: Scarlett <u>would</u> be an equal owner of the enterprise <u>if</u> the three of them were to agree to the EIA. Scarlett is correct that the FAC alleges a misrepresentation of another future event—that Scarlett fraudulently "agreed to sign documentation" memorializing the EIA at some point in the future—but that allegation does not negate Plaintiffs' core claim that Scarlett misrepresented an existing fact. FAC ¶ 47. Plaintiffs' allegations sufficiently allege a misrepresentation of an existing fact.

### B. Knowledge of Falsity

Scarlett argues that the allegations "make no effort at establishing why or how the alleged statements were false at the time they were made, or that Scarlett knew that they were false at the time they were made . . . ." MTD at 13; <u>see</u> <u>Smith v. Allstate Ins. Co.</u>, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) ("the plaintiff must plead facts explaining why the statement was false when it was made"). To show that a defendant's statements were false when made, a "plaintiff must set forth facts explaining why the difference between the earlier and the later statements is not merely the difference between two permissible judgments, but rather the result of a falsehood." <u>In re GlenFeld</u>, 42 F.3d at 1549.

Plaintiffs' allegations satisfy this requirement. Contrary to Scarlett's assertion, Plaintiffs have described the circumstances surrounding Scarlett's representation in enough detail to allege that Scarlett made a knowingly false statement as part of a broader fraudulent scheme. According to the FAC, Scarlett "fraudulently represented that he agreed [to] equal ownership" of the enterprise (¶¶ 10, 46), he falsely agreed to sign documentation to that effect (¶¶ 10, 47), he enticed Ahn and White to transfer trademarks to ABV and transfer debt to CO8 (¶¶ 11–13, 48–51), and he

5

Case No.: 5:16-cv-05437-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

later suggested to investors and distributors that he was "half-owner" of ABV and that Ahn lacked authority to conduct business on ABV's behalf (¶¶ 20–23). For the purposes of Rule 9(b)'s pleading requirements, Plaintiffs have sufficiently alleged that Scarlett's representation was knowingly false.

### C. Intent to Deceive

Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "A plaintiff must establish with particularity that a defendant's statement was false. If this falsity has been established, plaintiff may aver intent generally." Richardson v. Reliance Nat'l Indem. Co., No. C 99-2952 CRB, 2000 WL 284211, at *5 (N.D. Cal. Mar. 9, 2000). However, the plaintiff's allegations of intent must still be plausible. Ashcroft v. Iqbal, 556 U.S. 662, 686–87 (2009)  (holding that Rule 9 "excuses a party from pleading . . . intent under an elevated pleading standard," but it "does not give him license to evade the less rigid—though still operative—strictures of Rule 8"). Allegations of nonperformance are not enough to establish fraudulent intent, but "a defendant's intent not to perform a promise can be inferred from [his] subsequent conduct." Dallas & Lashmi, Inc. v. 7-Eleven, Inc., 112 F. Supp. 3d 1048, 1058 (C.D. Cal. 2015) (citation omitted).

Scarlett argues that Plaintiffs have "failed to establish the requisite state of mind for fraud in the inducement." MTD at 15. He suggests that Plaintiffs' allegations of intent are based solely on Scarlett's later nonperformance. Id. at 16 (citing Sunnyside Dev. Co., LLC v. Opsys Ltd., No. 05-0553 MHP, 2005 WL 1876106, at *6 (N.D. Cal. Aug. 8, 2005) for the holding that breach alone does not "give rise to an inference that the breaching party acted with fraudulent intent at the time that the promise was made"). He further argues that Plaintiffs' "allegation says nothing about any intent contrary to alleged representations regarding ownership in ABV, which is the issue at the heart of this dispute." MTD at 16.

The Court disagrees. Plaintiffs allege that Scarlett "falsely and fraudulently represented that he agreed that Messrs. Ahn, Scarlett and White all held equal ownership in Cult of 8 and the enterprise, including ABV." FAC ¶ 46 (emphasis added). And, as discussed above, Plaintiffs'

6

Case No.: 5:16-cv-05437-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

allege that Scarlett did more than fail to perform. They allege that Scarlett intentionally misrepresented his agreement to the EIA as part of a broader fraudulent scheme to engineer a favorable transfer of assets and debts. Plaintiffs' allegations are sufficient to raise an inference that Scarlett acted with fraudulent intent.

### D. Justifiable Reliance and Damages

Plaintiffs allege that they relied on Scarlett's alleged misrepresentation and suffered damages as a result. FAC ¶¶ 50–53. Scarlett does not challenge these allegations.

## IV. CONCLUSION

Plaintiffs' allegations of fraud satisfy the heightened pleading requirements of Rule 9(b). Defendant's motion to dismiss Plaintiffs' fourth cause of action is DENIED.

**IT IS SO ORDERED.**

Dated: March 31, 2017

_____
EDWARD J. DAVILA
United States District Judge