| | |
|---|---|
| William J. Goines (SBN 61290)<br>goinesw@gtlaw.com<br>Cindy Hamilton (SBN 217951)<br>hamiltonc@gtlaw.com<br>Alice Y. Chu (SBN 264990)<br>chua@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue, Fifth Flor<br>East Palo Alto, CA 94303<br>Telephone: (650) 328-8500<br>Facsimile: (650) 328-8508<br>Attorneys for Plaintiffs Gregory Ahn and Cult of 8, Inc.<br><br>Erik L. Jackson (SBN 166010)<br>ejackson@cozen.com<br>COZEN O'CONNOR<br>601 S. Figueroa Street, Suite 3700<br>Los Angeles, CA 90017<br>Telephone: (213) 892-7961<br>Attorney for Defendant Jonathon White | Joseph W. Anthony (admitted *pro hac vice*)<br>janthony@anthonyostlund.com<br>Randy G. Gullickson (admitted *pro hac vice*)<br>rgullickson@anthonyostlund.com<br>ANTHONY OSTLUND BAER & LOUWAGIE P.A.<br>90 South 7th Street, Suite 3600<br>Minneapolis, MN 55402<br>Telephone: (612) 349-6969<br>Facsimile: (612) 349-6996<br><br>Richard Van Duzer (SBN 136205)<br>rvanduzer@fbm.com<br>Aviva J. Gilbert (SBN 300091)<br>agilbert@fbm.com<br>FARELLA BRAUN & MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br><br>Attorneys for Defendant Matthew D. Scarlett<br><br>Anthony D. Giles (SBN 178876)<br>anthony@anthonygiles.com<br>LAW OFFICE OF ANTHONY GILES<br>155 Sansome St., Ste. 500<br>San Francisco, CA 94104<br>Telephone: (415) 839-2099<br>Attorney for Defendant Alcohol by Volume, Inc. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Gregory Ahn, an individual, Jonathan White, an individual, Cult of 8, Inc., a California corporation<br><br>Plaintiffs,<br><br>vs.<br><br>Matthew D. Scarlett, an individual, Alcohol By Volume, Inc., a Nevada Corporation, inclusive,<br><br>Defendants. | Case No: 5:16-cv-05437-EJD<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER** |

937648.1

# RECITALS

A. This action, along with the related case, *Matthew Scarlett, individually and derivatively on behalf of Alcohol By Volume, Inc. vs. Jonathan White, et al.*, Case No: 5:17-cv-01430-EJD (the "Related Action"), involve disputes, *inter alia*, relating to the ownership and operations of two related corporations, CO8 and Alcohol by Volume, Inc. ("ABV").

B. In April 2017, a closing occurred on the sale of one of the wine brands to an unrelated party.

C. Because of disputes about the proper allocation of proceeds from the sale transaction, the parties to this action, along with another unaffiliated entity, agreed to arbitrate before JAMS in San Francisco several issues, relating to the proper distribution of the proceeds from the sale of the brand. That arbitration proceeding is currently pending before JAMS as *Fior di Sole, LLC v. Scarlett, Matthew, et al.*, JAMS Reference No. 1100087495.

D. Among the issues that the parties have agreed to arbitrate in the JAMS arbitration is the proper ownership of ABV and the ownership of CO8. Ownership of ABV and CO8 is also one of the significant issues in this action and the Related Action before this Court. In a recent Order, the Arbitrator ruled that a claim by Gregory Ahn ("Ahn") and Cult of 8, Inc. ("CO8") for Rescission, as set forth in Ahn and Cult of 8's Notice of Claims Under Rule 9 filed in the JAMS Arbitration, which is an alternative claim asserted by Ahn and CO8 in the First Amended Complaint (Fourth Cause of Action) in this Action, will be arbitrated in the JAMS proceedings. Therefore, the decision to be rendered in the JAMS arbitration is expected to resolve an important subset of issues in these federal court actions. The JAMS arbitration will not resolve all the claims and issues in these actions. However, having these issues resolved by the JAMS arbitration may make it more likely that the balance of these actions can be settled.

E. In the JAMS arbitration, a scheduling conference with the Arbitrator (Hon. James P. Kleinberg (Ret.)) has been held. The arbitration hearing is scheduled to be held from November 6 – 21, 2017. Based upon a recent ruling of the Arbitrator, the parties are in the process of assessing whether and the extent to which other potential claims are arbitrable and will be asserted in the JAMS arbitration. The resolution of those issues are likely to affect the scope of claims in this

action and/or the Related Action.

  F. There is currently pending before this Court in this action and the Related Action an initial case management conference on August 24, 2017 at 10:00 a.m. Certain filings, including the Joint Case Management Statement and related filings are due to be filed in advance of the case management conference.

  G. The parties believe that it will be efficient and preserve both judicial resources and resources of the parties if the case management conference and current filing deadlines relating to it are continued for a period of 60 days to allow time for the parties to confirm the scope of issues to be determined in the arbitration proceeding and to report back to the Court with a recommendation as to the handling of this action and the Related Action during the pendency of the JAMS arbitration.

**STIPULATION**

  Based upon the above recitals, the parties, through their undersigned counsel, hereby stipulate and request that the Court enter an order as follows:

  1. The initial case management conference currently scheduled for August 24, 2017 is continued for a period of 60 days, and the Court shall reschedule the case management conference at a date and time on or after October 24, 2017.

  2. All current filing deadlines, specifically including the deadlines for filing of the Joint Case Management Statement, Discovery Plan, and/or Rule 26(f) Report, shall be continued for a period of 60 days. This does not apply to the Plaintiff Jonathan White's motion for disqualification of counsel currently scheduled for hearing on August 10, 2017.

  3. Within 60 days of this Stipulation and Order, the parties shall report to the Court regarding the status of the above-referenced JAMS arbitration and the issues to be determined in it, the impact of that arbitration on this action and the Related Action, and their views as to the appropriate handling of this action and the Related Action during the pendency of the JAMS arbitration.

| | | |
|---|---|---|
| 1 | Dated: August ___, 2017 | GREENBERG TRAURIG, LLP |
| 2 | | By:/s/ *Cindy Hamilton* |
| | | William J. Goines |
| 3 | | Cindy Hamilton |
| | | Alice Y. Chu |
| 4 | | Attorneys for Plaintiffs Gregory Ahn, and Cult Of 8, Inc. |

Dated: August ___, 2017        COZEN O'CONNOR

By:/s/ *Erik L. Jackson*
    Erik L. Jackson
    Attorney for Plaintiff Jonathan White.

Dated: August ___, 2017        ANTHONY OSTLUND
                               BAER & LOUWAGIE P.A.

By:/s/ *Randy G. Gullickson*
    Joseph W. Anthony (admitted *pro hac vice*)
    janthony@anthonyostlund.com
    Randy G. Gullickson (admitted *pro hac vice*)
    rgullickson@anthonyostlund.com
    Attorneys for Defendant Matthew D. Scarlett

Dated: August ___, 2017        LAW OFFICES OF ANTHONY GILES

By:/s/ *Anthony Giles*
    Anthony Giles
    Attorney for Defendant Alcohol By Volume, Inc.

## ORDER

Based upon the above stipulation of the parties, it is hereby ordered that:

1. The initial case management conference currently scheduled for August 24, 2017 is continued for a period of 60 days, and the case management conference is rescheduled to __October 26__, 2017.

2. All current filing deadlines, specifically including the deadlines for filing of the Joint Case Management Statement, Discovery Plan, and/or Rule 26(f) Report, shall be continued and reset in accordance with the rescheduled case management conference. This does not apply to Plaintiff Jonathan White's motion to disqualify counsel, currently scheduled for hearing on August 10, 2017.

3. Within 60 days of this Stipulation and Order, the parties shall report to the Court regarding the status of the above-referenced JAMS arbitration and the issues to be determined in it, the impact of that arbitration on this action and the Related Action, and their views as to the appropriate handling of this action and the Related Action during the pendency of the JAMS arbitration.

Dated: __August 4__, 2017

By: _/s/ Edward J. Davila_
Edward J. Davila
United States District judge