United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY AHN, et al.,

          Plaintiffs,

   v.

MATTHEW D. SCARLETT, et al.,

          Defendants.

Case No.  5:16-cv-05437-EJD

~~PROPOSED~~ REDACTED **AMENDED ORDER GRANTING JONATHAN WHITE'S MOTION FOR MANDATORY DISQUALIFICATION**

Re: Dkt. No. 68

     Plaintiff Jonathan White seeks disqualification of the law firm that jointly represented him and his co-Plaintiff Gregory Ahn in this case. Because Ahn's and White's interests were adverse at the time of the joint representation, White's motion to disqualify will be GRANTED.

## I.   BACKGROUND

     White, Ahn, and Matthew Scarlett formed a wine business in 2012.[1] White's Mot. to Disqualify ("Mot.") 3, Dkt. No. 68. This case (as well as separate arbitration proceedings and a related district court case) centers on a dispute about each party's ownership stake in Cult of 8, Inc. ("CO8") and Alcohol by Volume, Inc. ("ABV"), and the assets those entities hold. Id. at 4.

     The complaint in this case was filed on August 11, 2016. Compl., Dkt. No. 1-2. It contained three causes of action. First, Ahn and White seek declaratory judgment against Scarlett

---

[1] For a more detailed discussion of this case's factual and procedural background, see this Court's order on Scarlett's motion to dismiss, Dkt. No. 55 at 1–3.

to establish that the three of them are equal co-owners of both business entities. Second, CO8 bring a claim against Scarlett for breach of fiduciary duty. Third, in the alternative, CO8 and Ahn allege fraud in the inducement against Scarlett and ABV.

White and Ahn were previously jointly represented in this action by Greenberg Traurig, LLP ("GT"). Mot. 5.White alleges (as discussed in more detail below) that the fraud claim renders White's interests adverse to Ahn's interests. Id. On that basis, White moves to disqualify GT and two of its attorneys as counsel of record for Ahn and CO8.

## II. LEGAL STANDARD

"The right to disqualify counsel is a discretionary exercise of the trial court's inherent powers." Certain Underwriters at Lloyd's London v. Argonaut Ins. Co., 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003). Under Civil Local Rule 11-4(a)(1), all attorneys must comply with the standards of professional conduct required of members of the State Bar of California. As such, this Court applies state law in determining matters of disqualification. See In re Cty. of L.A., 223 F.3d 990, 995 (9th Cir. 2000).

## III. DISCUSSION

White argues that GT violated the duty of loyalty by jointly representing White and Ahn when the complaint was filed. Mot. 13–15. "Attorneys have a duty to maintain undivided loyalty to their clients to avoid undermining public confidence in the legal profession and the judicial process." People ex rel. Dep't of Corps v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1146 (1999) (citations omitted). A lawyer in California may not simultaneously represent two clients who are adverse to each other unless the lawyer fully discloses the conflict and obtains a waiver in writing. Flatt v. Sup. Ct., 9 Cal. 4th 275, 284–86 (1994). "[I]n all but a few instances, the rule of disqualification in simultaneous representation cases is a per se or 'automatic' one." Id. at 284.

White argues that his interests were adverse to Ahn's when GT filed the complaint in this case on August 11, 2016. Mot. 5, 15–16. If Ahn and White's declaratory judgment claim is successful, there is no adversity between them because each of them (along with Scarlett) would

Case No.: 5:16-cv-05437-EJD   PROPOSED REDACTED
AMENDED ORDER GRANTING JONATHAN WHITE'S MOTION FOR MANDATORY DISQUALIFICATION

2

be deemed to be one-third owners of the entire enterprise. Mot. 5. However, if the declaratory judgment claim fails and Ahn and CO8 succeed in their alternative fraud claim against ABV, Ahn and White would be adverse because Ahn would personally receive 100% of ABV's assets and White would receive nothing. Id. On that basis, White argues that an actual conflict existed when GT filed the complaint because White's interests were directly adverse to Ahn's. Id.

Despite this conflict, Ahn argues that his interests were not adverse to White's when the complaint was filed because he and White had entered into a separate "side agreement." GT's Opp'n to Mot. to Disqualify ("Opp'n") 4, Dkt. No. 83. According to Ahn, he began discussions in early August 2016 with White about filing a lawsuit "to seek confirmation that Cult of 8 and ABV are equally owned by" White, Ahn, and Scarlett. Ahn Decl. ¶ 11, Dkt. No. 82-15. White agreed to pursue the lawsuit. Id. Ahn then informed White that if the Court did not find that the business entities were equally owned, Ahn intended to seek the alternative remedy of rescission of the trademarks from ABV to CO8. Id. ¶ 12. White expressed concern about this remedy because White did not have an ownership interest in CO8; thus, if rescission were to occur, Ahn would control 100% of the assets. Id. In response, Ahn claims that he and White entered into a "side agreement" under which Ahn "would honor [White's] 1/3 interest in Cult of 8 should the court rescind the ABV trademarks." Id.

Ahn claims that White then asked to join the lawsuit as Ahn's co-plaintiff. Id. On August 11, White and Ahn had a phone call with William Goines, Ahn's counsel at GT. Id. ¶ 14. █████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████ The complaint was filed later that day.

White acknowledges that he participated in the August 11 phone call with Ahn and Goines.

White Decl. ¶ 9, Dkt. No. 87-1. ██████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ White also denies entering into any side

agreement with Ahn. Id. ¶¶ 8–9. ████████████████████████████

██████████████████████████ White argues that, even if Ahn had proposed the side

agreement as described, White would have rejected the agreement because it would render Ahn a

two-thirds majority owner of the enterprise, while White would have a one-third minority stake.

Id. ¶ 8; White's Reply in Support of Mot. to Disqualify ("Reply") 7, Dkt. No. 87.

     Ahn admits that the side agreement was never reduced to writing. Ahn Decl. ¶ 18.

████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████

     Ahn also argues that White cannot seek disqualification because GT's client engagement

letter contained a prospective conflict waiver. Opp'n 19–22. However, GT did not send the

engagement letter until September 27, 2016—more than a month after the complaint was filed on

August 11, 2016—and White and Ahn did not sign the engagement agreement until October 27,

2016. Opp'n 5–6; White Decl. ¶ 13.

     The Court finds that an actual conflict existed between Ahn and White when the complaint

was filed. Ahn has not provided sufficient evidence to show the existence of a side agreement that

Case No.: 5:16-cv-05437-EJD   PROPOSED REDACTED
AMENDED ORDER GRANTING JONATHAN WHITE'S MOTION FOR MANDATORY
DISQUALIFICATION

4

1    resolves the adversity between White and Ahn. The prospective conflict waiver in GT's client

2    engagement letter did not resolve the conflict because the engagement agreement was not

3    executed until more than two months after the complaint was filed.

4         In addition to his request to disqualify GT, White asks the Court to strike pleadings and

5    briefs that GT filed while jointly representing Ahn and White. Mot. 24. Specifically, White asks

6    the Court to strike (1) the original complaint (Dkt. No. 1-2), (2) the first amended complaint (Dkt.

7    No. 18), (3) White's opposition to Scarlett's motion to dismiss (Dkt. No. 31), and (4) White's

8    opposition to Scarlett's motion to transfer venue (Dkt. No. 34). Id. The Court agrees that these

9    filings should be stricken. White also asks the Court to strike his declaration  in support of his

10   opposition to Scarlett's motion to transfer venue (Dkt. No. 35) because it "contains facts

11   potentially adverse to White." Id. Because White's factual statements did not depend on GT's

12   representation of him, the Court will not strike White's declaration.

**IV.    CONCLUSION**

13

14        White's motion to disqualify GT from this action is GRANTED. White's request to strike

15   is GRANTED as to Dkt. Nos. 1-2, 18, 31, and 34 but DENIED as to Dkt. No. 35.

16

17        **IT IS SO ORDERED.**

18   Dated: December 1, 2017

19

20                                              EDWARD J. DAVILA
                                                United States District Judge
21

22

23

24

25

26

27

28   Case No.: 5:16-cv-05437-EJD   PROPOSED REDACTED
     AMENDED ORDER GRANTING JONATHAN WHITE'S MOTION FOR MANDATORY
     DISQUALIFICATION
                                         5